**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DONTE E. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-1254-J |
| | ) | |
| SGT. FITZCHILD, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, a federal inmate, originally filed suit against named and unnamed Grady County officials alleging various constitutional violations. The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Eventually, Plaintiff filed a Third Amended Complaint against Defendants Fritschow, Rouse, Klipp, and Thomas alleging excessive force. [Doc. No. 80]. These Defendants filed a motion for summary judgment [Doc. No. 94] and now pending is Judge Purcell's Fourth Supplemental Report and Recommendation in which he recommends the Court grant summary judgment to Defendants Fritschow, Rouse, and Klipp but deny summary judgment to Defendant Thomas (Fourth Supp. Rep. and Rec.) [Doc. No. 96]. Despite being cautioned that he must file any objection no later than March 20, 2023, Plaintiff did not object and has waived his right to appellate review of the factual and legal issues addressed therein. *See Johnson v. Reyna*, 57 F.4th 769, 778 (10th Cir. 2023). Defendant Thomas did object (Def. Thomas' Obj.) [Doc. No. 97] thus triggering de novo review. *See* Fed. R. Civ. P. 72(b)(3).

I.     **Background**

In November 2020, a fight occurred at the Grady County Detention Center. Plaintiff was not involved in the fight; however, as a direct result, he and Defendant Fritschow had a verbal

altercation.  When Plaintiff refused an order, Defendants Fritschow, Rouse, and Klipp physically placed Plaintiff against the wall where Plaintiff kicked and moved his arms rather than submit to handcuffing.  Eventually, these Defendants pulled Plaintiff to the ground and Defendant Rouse attempted to handcuff Plaintiff.  Defendant Thomas assisted, and held a taser to Plaintiff's back, deploying it at least once.[1]  When Defendant Rouse had the handcuffs secured, Defendant Thomas removed the taser from Plaintiff's back.

## II.   __Excessive Force Standard__

Plaintiff's excessive force claims involves two prongs:

(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind.

*Redmond v. Crowther*, 882 F.3d 927, 936-37 (10th Cir. 2018) (citation omitted).  "An official has a culpable state of mind if he uses force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline."  *Id.* (cleaned up).

## III.   __Non-De Novo Review__

Judge Purcell found that Defendants Fritschow, Rouse, and Klipp's actions were not objectively unreasonable under the Eighth Amendment and recommended that summary judgment be granted in their favor.  *See* Fourth Supp. Rep. and Rec. at 9-14.  As noted, Plaintiff did not object and the Court finds no clear error on the face of the record.[2]  Accordingly, Judge Purcell's

---

[1] Plaintiff testified that the taser Defendant Thomas used "wasn't one of those tasers that when you shoot the probes out, they snatch on you.  It was one of those tasers that you've got to press it against a person's body to make it effective."  [Doc. No. 94, Ex. 1 at 20].

[2] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

findings and recommendations are ADOPTED as to Defendants Fritschow, Rouse, and Klipp and summary judgment is GRANTED in their favor.

**IV.**     <u>**De Novo Review**</u>

Judge Purcell next concluded that while Defendant Thomas' initial use of the taser on Plaintiff was not objectively unreasonable, there was a genuine dispute of material fact regarding whether Defendant Thomas had continued to deploy the taser after Defendant Rouse had Plaintiff reasonably under control and Plaintiff was no longer resisting efforts to handcuff him.  Judge Purcell opined that this material factual dispute impacted both the objective and subjective components and thus recommended that summary judgment be denied as to Defendant Thomas. *See* Fourth Supp. Rep. and Rec. at 14-18.

In his objection, Defendant Thomas first focuses on the subjective component and argues that (1) the volatility of the situation, (2) Plaintiff's allegation that the taser deploy only lasted 10-15 seconds, (3) the video evidence that Defendant Thomas removed the taser from Plaintiff's back as soon as Defendant Rouse secured the handcuffs, and (4) Plaintiff's belief that Defendant Thomas did not intend to injure him all support summary judgment in his favor.  *See* Def. Thomas' Obj. at 2-5.  Having carefully reviewed the pleadings and the video of the incident, the Court agrees.

As noted above, the relevant question under the subjective component is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *See supra* at 2.  To determine whether Defendant Thomas could plausibly have thought that holding the taser on Plaintiff's back until he was handcuffed was necessary to maintain or restore discipline, the Court must consider "(1) the need for the force, and (2) whether [Defendant Thomas] used a disproportionate amount of force."  *Redmond*, 882 F.3d at 937.

Here, construing the evidence in a light most favorable to Plaintiff,[3] Defendant Thomas could have plausibly believed the need for force was necessary.  That is, Plaintiff had refused a direct order from Defendant Fritschow, had moved his arms away from Defendant Klipp (when Defendant Klipp attempted to restrain him), kicked at Defendant Fritschow, and continued to move his arms while Defendant Rouse attempted to handcuff him.  *See* Fourth Supp. Rep. and Rec. at 3-7[4] & [Doc. No. 64, Ex. 2 (video of incident)].  Further, all this took place in a common area where an unrelated fight had just occurred and while numerous inmates were gathered in proximity watching Plaintiff and the officers.  *See id.*  As to whether the use of force was disproportionate, Judge Purcell correctly noted that the video does not show how many times Defendant Thomas deployed the taser while it was on Plaintiff's back and it is not entirely clear when Plaintiff stopped resisting Defendant Rouse's attempts to handcuff him.  However, while Defendant Thomas held the taser to Plaintiff's back for approximately 46 seconds, *see id.*, Plaintiff described only one deployment that lasted approximately 10-15 seconds.  *See* [Doc. No. 80 at 16].  Additionally, Defendant Thomas removed the taser from Plaintiff's back as soon as Defendant Rouse finished handcuffing Plaintiff.  *See* [Doc. No. 62, Ex. 4].  Finally, in his deposition testimony, Plaintiff stated that he did not believe that Defendant Thomas was intentionally trying to injure him.  *See* [Doc. No. 94, Ex. 1 at 27].

Considered together, the Court finds that no reasonable juror could conclude that Defendant Thomas held the taser to Plaintiff's back maliciously and sadistically for the very

---

[3] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. 2020).  The Court "construes the factual record and the reasonable inferences therefrom in the light most favorable to the nonmoving party." *Alfaro-Huitron v. Cervantes Agribusiness*, 982 F.3d 1242, 1249 (10th Cir. 2020) (cleaned up).

[4] No party objected to Judge Purcell's recitation of the undisputed facts.

4

purpose of causing harm, rather than in a good faith effort to maintain or restore discipline. Accordingly, the Court DECLINES to adopt the Fourth Supplemental Report and Recommendation as it applies to Defendant Thomas and GRANTS Defendant Thomas' motion for summary judgment.[5]

**V.**     **Conclusion**

For the reasons discussed above, on both non-de novo and de novo review, the Fourth Supplemental Report and Recommendation [Doc. No. 96] is ADOPTED IN PART and DECLINED IN PART.  Specifically, the Court ADOPTS the recommendation to grant summary judgment to Defendants Fritschow, Rouse, and Klipp but DECLINES the recommendation to deny summary judgment to Defendant Thomas.  Defendants' motion for summary judgment [Doc. No. 94] is GRANTED as to all parties.  A separate judgment will issue.

IT IS SO ORDERED this 6th day of April, 2023.



BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[5] Based on this ruling, the Court declines to address Defendant Thomas' remaining objections.